**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-1388**

_____

CELESTE FRIERSON, Individually and as Personal Representative of the Estate of
DOROTHY M. CONYERS, deceased; RUFUS CARTER; SYLVIA CARTER
MONTGOMERY; HERBERT CARTER; ROBERT CARTER; OLIVE WATSON,
Personal Representative of the Estate of Charles Watson

        Plaintiffs - Appellants

and

PROPERTY AND CASUALTY INSURANCE GUARANTY CORPORATION

        Defendant - Appellant

v.

HISCOX INC.; HISCOX INSURANCE COMPANY, INC.; BENONS, LLC, trading as
Falcon Transport; GEICO CASUALTY COMPANY; MARYLAND AUTOMOBILE
INSURANCE FUND

        Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Adam B. Abelson, District Judge.  (8:24-cv-01200-ABA)

_____

Submitted:  February 13, 2026                       Decided:  May 15, 2026

_____

Before KING, AGEE, and HARRIS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

————————

**ON BRIEF**: Paul D. Bekman, Aryeh M. Rabinowitz, BEKMAN, MARDER, HOPPER, MALARKEY & PERLIN, LLC, Baltimore, Maryland, for Appellants Celeste Frierson, Rufus Carter, Sylvia Carter Montgomery, Herbert Carter, Robert Carter, and Olive Watson. John M. Seeberger, LAW OFFICES OF JOHN M. SEEBERGER, P.A., Baltimore, Maryland, for Appellant Property & Casualty Insurance Guaranty Corp. Leland H. Jones IV, Lena Mirilovic, LAVIN RINDNER DUFFIELD LLC, Washington, D.C., for Appellees.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case arises from a dispute over an insurance company's duty to defend and indemnify an insured. But our inquiry on appeal begins and ends with subject-matter jurisdiction. After the plaintiffs filed a declaratory judgment action in state court, a defendant removed the case to federal court on the basis of diversity jurisdiction. As pled, however, there is not complete diversity of citizenship between the parties. Nor has the district court passed on a request that it realign the parties to satisfy the requirements of diversity jurisdiction. Accordingly, we vacate the district court's judgment and remand so that the district court can review this issue and consider in the first instance the request for realignment.

This controversy began in Maryland state court. The plaintiffs, most of whom are citizens of Maryland, allege that their mother died as the result of negligence by defendant Falcon Transport, a non-emergency medical transport company based in Maryland. After filing a state-court suit against Falcon, the plaintiffs requested that Hiscox, Inc., one of Falcon's insurers, defend and indemnify Falcon. When Hiscox failed to respond, the plaintiffs filed the instant declaratory judgment action, still in Maryland state court, seeking a determination of Hiscox's duty to defend and indemnify.

Hiscox, a citizen of Delaware and Georgia, removed the plaintiffs' declaratory judgment action to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1441(a), (b) (removal); 28 U.S.C. § 1332 (diversity jurisdiction). The district court did not address subject-matter jurisdiction. Instead, in the order now before us on appeal, the

3

court applied Maryland law and granted Hiscox's motion to dismiss for failure to state a claim. *See Frierson v. Hiscox, Inc.*, 2025 WL 934337 (D. Md. Mar. 27, 2025).

We must assure ourselves of jurisdiction before turning to the merits of this appeal. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998). And as this case was pled, diversity jurisdiction appears to be lacking. The statute authorizing diversity jurisdiction, 28 U.S.C. § 1332, applies only when there is "complete diversity" – only, that is, when no party on one side of a suit shares common citizenship with a party on the other side. *See, e.g.*, *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Had the plaintiffs sued only Hiscox in their declaratory judgment action, we would have complete diversity: The plaintiffs are citizens of Maryland and South Carolina, and defendant Hiscox is not. The problem is that the plaintiffs named other defendants as well. And three of those defendants – Falcon, the Maryland Automobile Insurance Fund, and the Maryland Property & Casualty Insurance Guaranty Corporation – are, like most of the plaintiffs, citizens of Maryland. With Maryland citizens on both sides, this lawsuit cannot proceed in federal court on the basis of diversity jurisdiction.

Hiscox appears to have been aware of this problem, because in its notice of removal, it asserted – albeit briefly – that the requirements of diversity jurisdiction could be satisfied if the district court realigned the Maryland defendants. As we have explained, a district court assessing diversity of citizenship may in certain circumstances "look beyond the pleadings" and realign the parties – here, for instance, realign the Maryland defendants as plaintiffs – "according to their positions with respect to the primary issue" in dispute. *U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995) (discussing realignment

4

of parties in declaratory judgment action arising from insurance coverage dispute).  But that has not happened here – at least, not yet.  Hiscox never formally moved to realign the parties; the plaintiffs never weighed in on realignment; and the district court never considered the question.    And on appeal, the parties continue to leave the issue unaddressed.

Hiscox removed this case to federal court on the basis of diversity jurisdiction.  But when the district court ruled on Hiscox's motion to dismiss, the parties, as aligned in the plaintiffs' complaint, lacked complete diversity of citizenship.  Accordingly, we must vacate the judgment of the district court.  We leave it to the district court, on remand, to consider party realignment in the first instance.

*VACATED AND REMANDED*